**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MALIKA FUQUA<br>973 Pleasant Drive<br>Reynoldsburg, Ohio 43068, | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| EMBASSY HEALTHCARE MANAGEMENT, INC.<br>d/b/a EMBASSY OF WINCHESTER<br>36 Lehman Drive<br>Canal Winchester, Ohio 43110, | ) ) ) ) ) ) ) | **JURY DEMAND ENDORSED HEREIN** |
| **Serve Also:** | ) ) | |
| EMBASSY HEALTHCARE MANAGEMENT, INC.<br>c/o Eric M. Simon<br>Registered Agent<br>200 Public Square<br>Suite 3500<br>Cleveland, Ohio 44114 | ) ) ) ) ) ) ) ) | |
| and, | ) ) | |
| RACHEL MATTIX<br>c/o Embassy Healthcare Management, Inc.<br>36 Lehman Drive<br>Canal Winchester, Ohio 43110, | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, Malika Fuqua, by and through undersigned counsel, as her Complaint against Defendants Embassy Healthcare Management, Inc. ("Embassy") and Rachel Mattix, states and avers the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Fuqua is a resident of the City of Reynoldsburg, Franklin County, Ohio.

2. At all times herein, Fuqua was acting in the course and scope of her employment.

3. Embassy is a domestic corporation that does business at 36 Lehman Drive, Canal Winchester, Ohio 43110.

4. Embassy is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

5. Rachel Mattix is a resident of the State of Ohio.

6. Rachel Mattix is an individual who aided, abetted, or assisted in the discriminatory conduct committed by Embassy.

7. At all times herein, Mattix was acting in the course and scope of her employment.

8. All of the material events alleged in this Complaint occurred in Franklin County.

9. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

10. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Fuqua is alleging a Federal Law Claim under The Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.* and The Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*

11. This Court has supplemental jurisdiction over Fuqua's state law claims pursuant to 28 U.S.C. § 1367 as Fuqua's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

13. Within 300 days of the conduct alleged below, Fuqua filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2023-01668 against Embassy ("Fuqua EEOC Charge").

14. On or about October 3, 2023, the EEOC issued a Notice of Right to Sue letter to Fuqua regarding the Charges of Discrimination brought by Fuqua against Embassy in the Fuqua EEOC Charge.

15. Fuqua received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

16. Fuqua has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

17. Fuqua has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

18. Fuqua is a former employee of Embassy.

19. Fuqua was a Stated Tested Nursing Assistant ("STNA") at Embassy.

20. Embassy was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

21. At all times relevant herein, Fuqua was employed by Embassy for at least 12 months and had at least 1,250 hours of service with Embassy and therefore was an "eligible employee" under FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

22. Mattix did not participate in the decision to hire Fuqua.

23. Fuqua has sarcoidosis, a serious disease which affects the lungs, lymph nodes, and other areas of the body ("Fuqua's Disability").

24. Fuqua's Disability is a disease.

25. Fuqua's Disability is a physical impairment.

26. Fuqua's Disability substantially limits one or more major life activities.

27. Fuqua has a record of Fuqua's Disability.

28. As a result of Fuqua's Disability, Fuqua is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

29. As a result of Fuqua's Disability, Fuqua is and was considered disabled within the meaning of 42 U.S.C. § 12101 *et seq.*.

30. Fuqua disclosed Fuqua's Disability to Defendants.

31. In the alternative, Defendants perceived Fuqua as being disabled.

32. In the alternative, the Defendants perceived that Fuqua's Disability constituted a mental impairment.

33. In the alternative, Defendants perceived Fuqua's Disability to substantially impair one or more major life activities, including working.

34. Despite this actual or perceived disabling condition, Fuqua was still able to perform the essential functions of her job.

35. On or around April 23, 2022, Fuqua applied for FMLA leave in order to have surgery to treat Fuqua's Disability ("Fuqua's FMLA Leave").

36. In coordination with Embassy, Fuqua scheduled Fuqua's FMLA Leave to begin on May 23, 2022, and to end in July 2022 for the treatment of Fuqua's Disability.

37. Fuqua's FMLA Leave was a reasonable accommodation for Fuqua's Disability.

38. Fuqua requesting Fuqua's FMLA Leave was a request for reasonable accommodation for Fuqua's Disability. ("Fuqua's Accommodation Request")

39. Fuqua's Accommodation Request would not cause Defendants an undue hardship.

40. Before denying Fuqua's Accommodation Request, Defendants did not determine whether Fuqua's Accommodation Request would cause Defendants an undue hardship.

41. Defendants have no contemporaneously created documents reflecting any effort to determine whether Fuqua's Accommodation Request would cause an undue hardship.

42. Before denying Fuqua's Accommodation Request, Defendants did not determine the cost of Fuqua's Accommodation Request.

43. Defendants have no contemporaneously created documents reflecting any effort to determine the cost of Fuqua's Accommodation Request.

44. Before denying Fuqua's Accommodation Request, Defendants did not determine the cost of providing any accommodation besides Fuqua's Accommodation Request.

45. Defendants have no contemporaneously created documents reflecting any effort to determine the cost of providing any accommodation besides Fuqua's Accommodation Request.

46. Defendants did not seek outside funding to cover the cost of any undue financial hardship.

47. Defendants have no contemporaneously created documents reflecting any effort to seek outside funding to cover the cost of any undue financial hardship.

48. Alternatively, Defendants did not offer Fuqua the opportunity to pay for any financial hardship that would result from Fuqua's Accommodation Request.

49. Fuqua's Accommodation Request was reasonable.

50. Defendants did not engage in any conversation with Fuqua for any alternative options for Fuqua's Accommodation Request.

51. In response to Fuqua's Accommodation Request, Defendants failed to participate in any interactive process.

52. Defendants denied Fuqua's Accommodation Request.

53. Defendants did not provide Fuqua's Accommodation Request.

54. Defendants did not provide Fuqua with an alternative accommodation in response to Fuqua's Accommodation Request.

55. Defendants did not provide Fuqua with the opportunity to pay for any undue financial burden for a disability accommodation.

56. Defendants could have provided time off as a reasonable accommodation.

57. Defendants have provided time off to employees prior to Fuqua's Accommodation Request.

58. Defendants did not provide Fuqua with time off.

59. During Fuqua's employment, Defendants never explained to Fuqua why the Accommodation Request was denied.

60. Alternatively, during Fuqua's employment, Defendants only explanation to Fuqua regarding why the Accommodation Request was denied was to say that Defendants did not have any accommodation available.

61. On or around April 20, 2022, Embassy's Human Resources Director, Mattix, terminated Fuqua's employment ("Termination").

62. The stated reason gave for terminating Fuqua's employment was that Fuqua allegedly had two no-call no-show absences.

63. Fuqua did not have any no-call no-show absences.

64. The stated reason for the Termination was pretextual.

65. The stated reason for the Termination was pretext for disability discrimination.

66. The Termination was in retaliation for Fuqua's FMLA Request.

67. The Termination was a failure to accommodate Fuqua's reasonable accommodations.

68. The Termination interfered with Fuqua's use of FMLA benefits and rights that she was entitled to.

69. The Termination was disability discrimination.

70. Embassy has a progressive disciplinary policy ("Discipline Policy").

71. Under the Discipline Policy, an STNA is allowed seven absences.

72. A verbal warning is the lowest level of discipline in the Discipline Policy.

73. Fuqua did not receive a verbal warning before the Termination.

74. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

75. Fuqua did not receive a written warning before the Termination.

76. A termination is the highest level of discipline in the Discipline Policy.

77. Defendants knowingly skipped progressive disciplinary steps in terminating Fuqua.

78. Defendants knowingly terminated Fuqua's employment.

79. Defendants knowingly took an adverse employment action against Fuqua.

80. Defendants knowingly took an adverse action against Fuqua.

81. Defendants intentionally skipped progressive disciplinary steps in terminating Fuqua.

82. Defendants intentionally terminated Fuqua's employment.

83. Defendants intentionally took an adverse employment action against Fuqua.

84. Defendants intentionally took an adverse action against Fuqua.

85. Defendants knew that skipping progressive disciplinary steps in terminating Fuqua would cause Fuqua harm, including economic harm.

86. Defendants knew that terminating Fuqua would cause Fuqua harm, including economic harm.

87. Defendants willfully skipped progressive disciplinary steps in terminating Fuqua.

88. Defendants willfully terminated Fuqua's employment.

89. Defendants willfully took an adverse employment action against Fuqua.

90. Defendants willfully took an adverse action against Fuqua.

91. As a direct and proximate result of Defendants' conduct, Fuqua suffered and will continue to suffer damages.

## COUNT I : DISABILITY DISCRIMINATION IN VIOLATION OF
## R.C. § 4112.02 et seq.

92. Fuqua restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

93. Defendants treated Fuqua differently than other similarly-situated employees based on her disabling condition.

94. Defendants treated Fuqua differently than other similarly-situated employees based on her perceived disabling condition.

95. On or about April 20, 2022, Defendants terminated Fuqua's employment without just cause.

96. Defendants terminated Fuqua's employment based on her disability.

97. Defendants terminated Fuqua's employment based on her perceived disability.

98. Defendants violated R.C. § 4112.02 when it discharged Fuqua based on her disability.

99. Defendants violated R.C. § 4112.02 when it discharged Fuqua based on her perceived disability.

100. Defendants violated R.C. § 4112.02 by discriminating against Fuqua based on her disabling condition.

101. Defendants violated R.C. § 4112.02 by discriminating against Fuqua based on her perceived disabling condition.

102. As a direct and proximate result of Defendants' conduct, Fuqua suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II : DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 12101 *et seq.*

103. Fuqua restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

104. Defendants treated Fuqua differently than other similarly-situated employees based on her disabling condition.

105. Defendants treated Fuqua differently than other similarly-situated employees based on her perceived disabling condition.

106. On or about April 20, 2022, Defendants terminated Fuqua's employment without just cause.

107. Defendants terminated Fuqua's employment based on her disability.

108. Defendants terminated Fuqua's employment based on her perceived disability.

109. Defendants violated 42 U.S.C. § 12101 *et seq.* when it discharged Fuqua based on her disability.

110. Defendants violated 42 U.S.C. § 12101 *et seq.* when it discharged Fuqua based on her perceived disability.

111. Defendants violated 42 U.S.C. § 12101 *et seq.* by discriminating against Fuqua based on her disabling condition.

112. Defendants violated 42 U.S.C. § 12101 *et seq.* by discriminating against Fuqua based on her perceived disabling condition.

113. As a direct and proximate result of Defendants' conduct, Fuqua suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III : FAILURE TO ACCOMMODATE UNDER R.C. 4112.01 *et seq.*

114. Fuqua restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

9

115. Fuqua informed Defendants of her disabling condition.

116. Fuqua requested accommodations from Defendants to assist with her disabilities including moving to a different location.

117. Fuqua's requested accommodations were reasonable.

118. There was an accommodation available that would have been effective and would have not posed an undue hardship to Defendants.

119. Defendants failed to engage in the interactive process of determining whether Fuqua needed an accommodation.

120. Defendants failed to provide an accommodation.

121. Defendants violated R.C. § 4112.02 by failing to provide Fuqua a reasonable accommodation.

122. As a direct and proximate result of Defendants' conduct, Fuqua suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV : FAILURE TO ACCOMMODATE UNDER 42 U.S.C. § 12101 *et seq.*

123. Fuqua restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

124. Fuqua informed Defendants of her disabling condition.

125. Fuqua requested accommodations from Defendants to assist with her disabilities including moving to a different location.

126. Fuqua's requested accommodations were reasonable.

127. There was an accommodation available that would have been effective and would have not posed an undue hardship to Defendants.

128. Defendants failed to engage in the interactive process of determining whether Fuqua needed an accommodation.

129. Defendants failed to provide an accommodation.

130. Defendants violated 42 U.S.C. § 12101 *et seq.* by failing to provide Fuqua a reasonable accommodation.

131. As a direct and proximate result of Defendants' conduct, Fuqua suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT III : UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

132. Fuqua restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

133. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

134. Embassy is a covered employer under FMLA.

135. During her employment, Fuqua qualified for FMLA leave.

136. During her employment, Fuqua attempted to request FMLA leave by asking Embassy if she qualified to take FMLA leave.

137. Embassy failed to properly advise Fuqua of her rights under FMLA.

138. Embassy unlawfully interfered with Fuqua's exercise of her rights under FMLA in violation of Section 105 of FMLA and section 825.220 of FMLA regulations.

139. Embassy's act of terminating Fuqua's employment during her FMLA leave violated and interfered with Fuqua's FMLA rights.

140. Embassy violated section 825.300(c)(1) of FMLA and interfered with Fuqua's FMLA rights when Embassy did not honor Fuqua's approved use of FMLA leave.

141. As a direct and proximate result of Embassy's conduct, Fuqua is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

### **COUNT IV : RETALIATION IN VIOLATION OF FMLA**

142. Fuqua restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

143. During her employment, Fuqua utilized FMLA leave.

144. After Fuqua utilized her qualified FMLA leave, Defendants retaliated against her.

145. Embassy retaliated against Fuqua by terminating her employment.

146. Embassy willfully retaliated against Fuqua in violation of 29 U.S.C. § 2615(a).

147. As a direct and proximate result of Embassy's wrongful conduct, Fuqua is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

### **COUNT V: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION**

148. Fuqua restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

149. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

150. Mattix aided, abetted, incited, coerced, and/or compelled Embassy Healthcare Management, Inc.'s discriminatory termination of Fuqua.

151. Mattix aided, abetted, incited, coerced, and/or compelled Embassy Healthcare Management, Inc.'s discriminatory suspension of Fuqua's employment.

152. Rachel Mattix aided, abetted, incited, coerced, and/or compelled Embassy Healthcare Management, Inc.'s discriminatory treatment of Fuqua.

153. Mattix violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

154. As a direct and proximate result of Embassy's conduct, Fuqua has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Malika Fuqua respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

  (i) Requiring Embassy Healthcare Management, Inc. to abolish discrimination, harassment, and retaliation;

  (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

  (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

  (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

  (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against each Defendant of compensatory and monetary damages to compensate Fuqua for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Fuqua claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/Trisha Breedlove*_____
Trisha Breedlove (0095852)
Gregory T. Shumaker (0095552)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (614) 556-4313
Fax: (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
  greg.shumaker@spitzlawfirm.com

*Attorneys for Plaintiff Malika Fuqua*

## JURY DEMAND

Plaintiff Malika Fuqua demands a trial by jury by the maximum number of jurors permitted.

*/s/Trisha Breedlove*_____
Trisha Breedlove (0095852)
Gregory T. Shumaker (0095552)

*Attorneys for Plaintiff Malika Fuqua*